ALVIS POWERS V. STANDARD ACCIDENT INSURANCE COMPANY.

No. A-624. Decided December 5, 1945.
Rehearing overruled January 9, 1946.
(191 S. W., 2d Series, 7.)

*Vernis Fulmer,* of Nacogdoches, and *White & Yarborough,* of Dallas, for petitioner.

It was error for the trial court and the Court of Civil Appeals to render judgment in a case tried before a jury, upon an incomplete verdict, with issues unanswered, which if answered favorable to plaintiff would have entitled him to a verdict. It was also error to disregard the jury's failure to answer special issues and in effect to substitute the court's findings therefor. Maryland Casualty Co. v. Donnelly, 50 S. W. (2d) 388; Traders & Gen. Ins. Co. v. Jaques, 131 S. W. (2d) 133; Copeland v. Brannan, 70 S. W. (2d) 660.

*Touchstone, Wight, Gormley & Touchstone,* of Dallas, for respondent.

Mr. Justice Folley delivered the opinion of the Court.

This is a workmen's compensation suit by the petitioner, Alvis Powers, against the respondent, Standard Accident Insurance Company, for total and permanent disability resulting from accidental injuries sustained by him on July 20, 1942.

The Standard Accident Insurance Company was the insurance carrier of Standard, Spencer & Harris, a joint contracting firm composed of Standard Paving Company, an Oklahoma Corporation, Dewey Spencer, an individual doing business as Spencer Construction Company, and Lee Harris, another individual. The firm thus composed of these joint adventurers was under contract with the War Department to construct an Army air field and glider school at Dalhart. The contract was separable and under it the Standard Paving Company was to lay all concrete, the Spencer Construction Company to do the grading, and Harris the drainage. The Spencer Construction sublet a portion

of its contract to Sitton & Herbert, a partnership, which was to make certain excavations and complete a caliche base according to the plans and specifications of the United States Army Engineers.

On the date of the injury Powers, then a farmer residing near Nacogdoches, was hired to drive a truck belonging to Sitton & Herbert from Nacogdoches to Dalhart to be used in the construction of the airport, and where Powers was to be employed on the job. He was hired by one Laurie Dudley, who was employed at the same time by Standard, Spencer & Harris as a truck foreman. Dudley was hired over the telephone by H. L. Doggett, project manager of Standard, Spencer & Harris, and was instructed by Doggett to hire other men and trucks for the construction job. Doggett was not only employed by Standard, Spencer & Harris, but also by Sitton & Herbert, both of which firms paid his salary.

Powers alleged that at the time of his injury he was employed by "Standard, Spencer & Harris, &/or Sitton & Herbert." As material here the jury found that Powers had suffered temporary, total incapacity, that he was employed by Sitton & Herbert, and that such firm was not insured by the policy of the Standard Accident Insurance Company. Other separate and independent issues were submitted inquiring if Powers was an employee of Standard, Spencer & Harris, and if he was in the course of such employment at the time of his injury. The jury was unable to agree upon an answer to these issues. Thereupon, both parties filed motions relative to the verdict. The petitioner asked for a mistrial because issues material to his cause of action were not answered. The respondent urged the court to disregard the unanswered issues and render judgment in its favor on those answered. The court overruled petitioner's motion, but granted respondent's. Judgment was entered in favor of the insurance company, which was affirmed by the Court of Civil Appeals. 188 S. W. (2d) 239.

The petitioner contends that the verdict was incomplete and not such as will support the judgment entered, and that the court erred in not declaring a mistrial. We think this contention must be sustained.

On this question the following statement, which we find correct, is taken from the opinion of the Court of Civil Appeals:

"On trial, one Laurie Dudley, testifying for the plaintiff, gave

evidence favorable to the issue that Alvis Powers was an employe of Standard, Spencer & Harris, and in the course of his testimony stated that he himself was truck-foreman of Standard, Spencer & Harris; that he employed Powers to drive the truck from Nacogdoches to Dalhart for his employer; that he was on the pay roll of Standard, Spencer & Haris and not of Sitton & Herbert; that he paid Powers his wages for driving the truck, and that no check was issued by Sitton & Herbert for such wages. His testimony was sharply controverted. W. F. Sitton testified by deposition; R. C. Herbert was dead. Sitton testified that Sitton & Herbert were independent subcontractors under Standard, Spencer & Harris in the construction of the airport at Dalhart; that just prior to July 20, 1942, he telephoned from Dalhart to Duke Herbert, at Nacogdoches, for transfer of the truck in question to be used on their work; that Sitton & Herbert issued a check and had it charged to their account for the work of Alvis Powers."

The check given Powers for the few hours he worked was introduced in evidence. It shows on its face to have been issued by the Spencer Construction Company, a member of the firm of Standard, Spencer & Harris, and although it was marked "Sitton & Herbert Account" it was also styled the "Pay Roll Check" of the Spencer Construction Company, the drawer thereof.

■ The evidence therefore clearly presented fact issues as to whether Powers was employed by Standard, Spencer & Harris, and whether he was in the course of such employment at the time of his injury. Therefore, in order that the judgment may be upheld it must appear that the unanswered issues became immaterial in view of the jury's findings upon other issues. Brokaw v. Collett (Tex. Com. App.) 1 S. W. (2d) 1090; Baldwin v. Stamford State Bank, 82 S. W. (2d) 701, writ refused; Citizens' Nat. Bank of Abilene v. Overstreet, 77 S. W. (2d) 250, writ refused. In order for these issues to be rendered immaterial the answers to them must be found by implication elsewhere in the verdict. Aetna Life Insurance Co., v. Bulgier, 19 S. W. (2d) 821, writ refused. It is obvious that negative answers to the issues would relieve respondent of all liability, but it is only negative answers that would do so. The mere failure to answer is not sufficient unless it may be presumed the jury considered these issues answered negatively in their response to other issues.

■ Ordinarily a finding that a party is in the employment of one firm would negative the idea that he is employed by another; but under the peculiar circumstances of this case we can enter-

tain no such presumption. As above stated, we have different concerns here engaged as contractors on the construction job. One of these was Sitton & Herbert and three others composed the firm of Standard, Spencer & Harris. Their work was so closely related that H. L. Doggett, project manager, was employed both by Standard, Spencer & Harris and Sitton & Herbert. Though all the jurors agreed that Powers was employed by Sitton & Herbert, it is evident that some of them thought that he was also employed by Standard, Spencer & Harris, as was the case of the employee, H. L. Doggett. At least the jurors could not agree that he was not employed by Standard, Spencer & Harris, which was the only finding, either express or implied, that would have relieved the respondent of liability. It is also manifest from what transpired prior to the return of the verdict that the jurors did not intend negative answers to be implied by reason of their response to other issues. On three separate occasions the jurors made written reports to the trial judge. In each of these they indicated they were unable to agree on the question relative to Powers' employment by Standard, Spencer & Harris. In the first report they signified their disagreement and stated they had answered all other issues. In the second and third they indicated there had been no change in their balloting. It thus affirmatively appears that the failure to answer the issues was not because they thought the same were disposed of by other issues, but simply because they could not agree upon the answer to be given them. The result is that no finding has been made by the jury upon these important and material issues, and the trial court, in the face of the conflicting evidence, was without authority to supply the findings, or to render judgment on the issues which were answered. Under the circumstances, a mistrial should have been declared. Texas Employers' Insurance Ass'n. v. Arnold, 126 Texas 466, 88 S. W. (2d) 473; Copeland v. Brannan, 70 S. W. (2d) 660, and authorities cited.

In view of another trial we wish to state that it is also our opinion the trial court erred in admitting in evidence certain entries from the records of Sitton & Herbert without the proper predicate having been laid therefor as to their accuracy and authenticity. Stark v. Burkitt, 103 Texas 437, 129 S. W. 343; Thompson v. Prince, 126 S. W. (2d) 574, writ refused, and authorities cited.

The judgments of both courts below are reversed and the cause is remanded to the trial court.

Opinion delivered December 5, 1945.

Rehearing overruled January 9, 1946.