Peggy Lewis FLEET, Petitioner,

v.

Claud Douglas FLEET, Independent Executor of the Estate of Irene Paull Lewis, Deceased, Respondent.

No. C–4817.

Supreme Court of Texas.

May 21, 1986.

Philip Durst, Austin, for petitioner.

Garrett Morris, Morris & Schieffer, Fort Worth, for respondent.

PER CURIAM.

This is a suit against an executor for breach of fiduciary duties. The trial court rendered a take nothing judgment against Peggy Fleet based on an incomplete verdict. In an unpublished opinion, the court of appeals affirmed the judgment.

The issue on appeal is whether the trial judge properly rendered judgment based on an incomplete verdict, and whether the court of appeals properly affirmed. We grant the application for writ of error and, pursuant to Rule 483 without hearing oral argument, reverse the judgment of the court of appeals and remand the cause for a new trial.

Claud Fleet's former mother-in-law, Irene Lewis, died on September 17, 1970, leaving a will which named Claud Fleet independent executor. In 1982, Peggy Fleet, Claud Fleet's former wife and Irene Lewis' surviving daughter, sued Claud Fleet for various breaches of fiduciary duties. The trial judge presented the acts alleged as breaches in one issue, lettered "A" through "K." Each lettered question contained a different act. The jury found "We Do Not" to questions "D" and "H," and "We Do" to questions "I," "J," and

"K." The jury left the remaining questions unanswered.

Issue number seven, lettered to correspond to issue number one, asked the jury to find when "Peggy Fleet discovered or by reasonable diligence should have discovered Respondent Claud Fleet's acts...." The jury left blank questions "A" through "H," and found dates for "I" through "K" of April 15, 1977, February 4, 1975, and September 14, 1973 respectively.

The trial judge rendered a take nothing judgment against Peggy Fleet, concluding, based on the jury's answers to issue seven, that Peggy Fleet was barred by the applicable statute of limitations. The court of appeals affirmed the judgment. Peggy Fleet brings two complaints to this court: (1) that the court of appeals erred in holding that the statute of limitations barred her claim; and, (2) that the trial court erred in rendering judgment and not declaring a mistrial when the jury could not agree to answers to material issues in issue number one.

 Peggy Fleet's second complaint is correct and dispositive of the case because the trial court's and court of appeal's judgments conflict directly with our prior opinion in *Powers v. Standard Acc. Ins. Co.*, 144 Tex. 415, 191 S.W.2d 7 (1945). We held in *Powers* that a judgment cannot be based on a verdict containing unanswered issues, supported by some evidence, unless the issues are immaterial. Issues are only immaterial if their answers can be found elsewhere in the charge or if they cannot alter the effect of the verdict. 191 S.W.2d at 9. The issues this jury left unanswered are material, for each issue inquires about a different act; none duplicate. Further, while the jury found that Peggy Fleet discovered the acts in the answered issues outside of the applicable statute of limitations period, it may have found that she discovered the unanswered acts within the applicable statute of limitations period.

 Faced with a verdict which leaves material issues supported by some evidence unanswered, the trial court must instruct

the jury to deliberate further on the issues. If upon further deliberation the jury cannot agree on answers to the issues, the trial court may declare a mistrial, but the trial court may not render judgment based on the incomplete verdict. *Powers,* 191 S.W.2d at 9. The trial court will not be reversed for rendering judgment, however, unless the party who would benefit from answers to the issues objects to the incomplete verdict before the jury is discharged, making it clear that he desires that the jury redeliberate on the issues or that the trial court grant a mistrial. *Continental Casualty Co. v. Street,* 379 S.W.2d 648 (Tex. 1964); *Lewis v. Texas Employers Ins. Ass'n,* 151 Tex. 95, 246 S.W.2d 599 (1952).

Peggy Fleet properly objected to the incomplete verdict before the court discharged the jury by asking that the jury be instructed to further deliberate or that the trial judge grant a mistrial. Rather than instructing the jury to deliberate further, the trial court asked each juror if further deliberations would help them agree to answers. When the jurors said "no," the judge discharged the jury. The trial court later denied Peggy Fleet's motion for mistrial and rendered the take nothing judgment against her.

We hold that the trial court erred by rendering judgment on the incomplete verdict and not ordering a mistrial when it realized that the jury could not agree to answers to material, evidenced issues. *Powers,* 191 S.W.2d at 9. Because the resolution of this point of error fully disposes of this case, we do not reach Peggy Fleet's point on the statute of limitations. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the probate court for a new trial.