# IN THE SUPREME COURT OF TEXAS

No. 19-0260

IN RE COMMITMENT OF GREGORY A. JONES

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS

## PER CURIAM

A civil-commitment trial conducted under chapter 841 of the Texas Health and Safety Code is generally governed by the Texas Rules of Civil Procedure, which provide that a verdict may be rendered by the agreement of ten members of a jury of twelve. However, by statute, a civil-commitment verdict finding that the defendant is a sexually violent predator must be unanimous. We are asked to decide whether a final verdict for the defendant declining to find that the defendant is a sexually violent predator must likewise be unanimous.[1] In the event that agreement of ten out of twelve jurors is sufficient to reach such a verdict, we must determine whether the trial court's error in instructing the jury that unanimity was required was harmful in this case. The court of appeals held that the trial court committed harmful error when it declined to submit an instruction explaining that a verdict for the defendant required only ten votes and accordingly reversed the

---

[1] By "final verdict for the defendant declining to find that the defendant is a sexually violent predator," we mean that the jury answers "no" to the charge question asking whether the jury finds that the defendant is a sexually violent predator. In the event an insufficient number of jurors can agree on an answer, e.g., if six answer "yes" and six answer "no," the result is a mistrial, not a verdict. *See Stevens v. Travelers Ins. Co.*, 563 S.W.2d 223, 225 (Tex. 1986).

trial court's judgment and commitment order. Because we agree with the court of appeals that the trial court erred but disagree that the error was harmful in this case, we reverse the court of appeals' judgment and reinstate the judgment of the trial court.

Gregory A. Jones was convicted of several attempted sexual-assault offenses in 2001. In January 2017, just under two years before Jones's sentence discharge date, the State of Texas brought a civil suit against Jones to commit him as a sexually violent predator (SVP) under Texas Health and Safety Code chapter 841. *See* TEX. HEALTH & SAFETY CODE § 841.003(a), (b) (providing that a person is a "sexually violent predator" for purposes of chapter 841 if he "is a repeat sexually violent offender"—i.e., he "is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses"—and "suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence"). The case was tried to a jury, and two expert witnesses testified for the State.[2] Jones also testified.

The jury charge asked one question: "Do you find beyond a reasonable doubt that GREGORY A. JONES is a sexually violent predator?" Jones requested an instruction explaining that a unanimous verdict was required to answer "yes" to that question, but that only ten out of twelve votes were required to answer "no." The trial court declined to submit the requested instruction. Instead, the trial court instructed the jury that "all 12 of the jurors must agree upon the answer made and to the verdict" and did not distinguish between "yes" and "no" answers.

During deliberations, the jury requested definitions of terms and portions of the record to review testimony. After five-and-a-half hours, the jury declared that it was deadlocked, and the

_____

[2] In addition to the 2001 convictions, the expert testimony addressed other nonsexual assault convictions that were not included as predicate offenses in the State's petition.

trial court issued a modified *Allen* charge urging the jury to continue deliberating.[3] After another hour and a half of deliberation, the jury returned with a unanimous verdict for the State finding that Jones was an SVP. The trial court rendered judgment on the verdict and ordered Jones civilly committed for treatment and supervision in accordance with chapter 841.

Jones appealed, arguing that the evidence was legally and factually insufficient to find him an SVP and that the trial court committed harmful error when it declined to submit Jones's 10–2 instruction to the jury.[4] The court of appeals held that the evidence was sufficient to support the jury's finding but nevertheless reversed the judgment and remanded the case for a new trial, concluding that the trial court committed harmful error in declining to submit Jones's instruction. 571 S.W.3d 880, 881 (Tex. App.—Fort Worth 2019). The State petitioned this Court for review.

Texas Health and Safety Code chapter 841 provides that "a civil commitment proceeding is subject to the rules of procedure and appeal for civil cases" but that, "[t]o the extent of any conflict between this chapter and the rules of procedure and appeal for civil cases, this chapter controls." TEX. HEALTH & SAFETY CODE § 841.146(b). Thus, we must evaluate whether and to what extent chapter 841's requirements for commitment verdicts conflict with the relevant procedural rules.

The pertinent rule of civil procedure for jury verdicts provides, with one exception discussed below, that "a verdict may be rendered in any cause by the concurrence . . . of the same

---

[3] *See Allen v. United States*, 164 U.S. 492, 501–02 (1896) (upholding a federal trial court's charge urging jurors to continue deliberating and to consider the views of their fellow jurors). *Allen* charges are permitted in Texas courts so long as they are not impermissibly coercive. *See Stevens*, 563 S.W.2d at 228–29.

[4] The State, as appellee, did not argue that unanimity is required for a "no" verdict but argued only that the trial court's failure to submit a 10–2 instruction was not harmful.

ten or more members of an original jury of twelve." TEX. R. CIV. P. 292(a). Meanwhile, chapter 841's provisions governing commitment verdicts provide:

> (a) The judge or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator. Either the state or the person is entitled to appeal the determination.
>
> (b) A jury determination that the person is a sexually violent predator must be by unanimous verdict.

TEX. HEALTH & SAFETY CODE § 841.062. Subsection (a) addresses the standard of proof for an SVP finding, while subsection (b) addresses juror agreement. Under subsection (b), there is no question that for a jury to find that a person is an SVP, the jury must do so unanimously. *Id.* § 841.062(b). Because subsection (b) conflicts with Texas Rule of Civil Procedure 292(a) in that regard, subsection (b) controls. *See id.* §§ 841.062, .146(b); TEX. R. CIV. P. 292(a).

But subsection (b) addresses only the number of votes needed for a "yes" verdict, that is, a verdict for the State finding "*that* the person *is* a sexually violent predator." TEX. HEALTH & SAFETY CODE § 841.062(b) (emphasis added). Subsection (b) says nothing about the number of votes needed for a "no" verdict, that is, a verdict for the defendant declining to find that the defendant is an SVP.[5] Had the Legislature intended for subsection (b) to apply to both "yes" and "no" verdicts, it could easily have done so, for example, by requiring unanimity for a "determination *of whether* the person is a sexually violent predator." *See Zanchi v. Lane*, 408 S.W.3d 373, 380 (Tex. 2013) (noting that if the Legislature had intended the service-of-citation rule to apply to service of expert reports in a health care liability claim, it "knew how to do so").

---

[5] We note that a negative answer to a charge question means only that the party bearing the burden of proof has failed to carry that burden and is not a positive finding of the converse of the question. *See Phila. Indem. Ins. Co. v. White*, 490 S.W.3d 468, 488 (Tex. 2016). Similarly, a verdict is simply "a written declaration by a jury of its decision." TEX. R. CIV. P. 290. Thus, in a civil-commitment proceeding under chapter 841, a "no" verdict reflects a jury's determination that the State failed to prove beyond a reasonable doubt that the defendant is an SVP.

The State argues that allowing different numbers of jurors to agree for "yes" and "no" verdicts in this case would be unprecedented. But the Texas Civil Practice and Remedies Code provides for just such an asymmetry with respect to awards of exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE § 41.003(d)–(e).[6] In line with those provisions, this Court has approved model jury instructions that include an instruction requiring unanimity for a "yes" verdict as to malice or gross negligence in order to award exemplary damages but requiring only ten jurors to agree to reach a "no" verdict. *See* TEX. R. CIV. P. 226a, *Approved Instructions*. Thus, an asymmetry in votes required for a "yes" verdict versus a "no" verdict is nothing new.

The State attempts to distinguish verdicts for exemplary damages by pointing out that the jury need not be unanimous on the threshold liability finding, but the State is incorrect; the statute requires a unanimous verdict on both "liability for and the amount of exemplary damages." TEX. CIV. PRAC. & REM. CODE § 41.003(d). The State also notes that Texas Rule of Civil Procedure 292 specifically requires unanimity for a "yes" verdict on exemplary damages, arguing that the Legislature has more explicitly distinguished between unanimous and 10–2 verdicts for exemplary damages than for civil commitment. *See* TEX. R. CIV. P. 292(b). But both the exemplary-damages statute and the civil-commitment statute are silent about 10–2 verdicts, so the inclusion of the unanimity requirement for a "yes" verdict on exemplary damages in Rule 292 does not answer the

---

[6] Those subsections provide:

(d)     Exemplary damages may be awarded only if the jury was unanimous in regard to finding liability for and the amount of exemplary damages.

(e)     In all cases where the issue of exemplary damages is submitted to the jury, the following instruction shall be included in the charge of the court:

"You are instructed that, in order for you to find exemplary damages, your answer to the question regarding the amount of such damages must be unanimous."

TEX. CIV. PRAC. & REM. CODE § 41.003(d)–(e).

5

question of whether a 10–2 "no" verdict is allowed for exemplary damages—never mind civil commitment.

The State also argues that section 841.062 is ambiguous and therefore presents arguments based on legislative history, opinions by courts in other states, and public policy. But section 841.062 is not ambiguous. Furthermore, it is generally in the Legislature's discretion to decide when a verdict must be unanimous. The State's legislative-history and public-policy arguments are that because the purpose of civilly committing an SVP is to protect the public, any reading of the statute that makes it more likely that such a person would not be committed is incorrect. Not only does that argument ignore the text, but it also does not address the pertinent question, which is how to determine that a person is an SVP in the first place.

In sum, because the plain language of section 841.062(b) applies only to a "yes" verdict, Texas Rule of Civil Procedure 292(a) applies to a "no" verdict. Thus, a unanimous verdict is required to find that a defendant is an SVP, but only ten votes are necessary to reach a verdict for the defendant declining to find that the defendant is an SVP. Consequently, a defendant who requests that the jury be instructed to that effect is entitled to the submission of such an instruction. The trial court accordingly erred when it denied Jones's request.

However, the trial court's error is reversible only if it was harmful. Texas Rule of Appellate Procedure 44.1(a) provides:

(a)     No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of:

(1)     probably caused the rendition of an improper judgment; or

(2)     probably prevented the appellant from properly presenting the case to the court of appeals.

6

TEX. R. APP. P. 44.1(a).[7] Thus, the rule presents two scenarios in which a trial court's error could be harmful: (1) by causing the rendition of an improper judgment; and (2) by preventing the appellant from properly presenting his appeal. Under either prong, the trial court's legal error must have "probably" caused the harm.

It is unclear whether the court of appeals based its conclusion of harm on the trial court's rendition of an improper judgment, on Jones's being prevented from properly presenting his appeal, or on both. For example, the harm standard that the court of appeals recited—whether "the appellate court is reasonably certain that the jury was not significantly influenced by issues erroneously submitted to it"—is taken from an opinion of this Court decided under the prevented-from-presenting prong. *See* 571 S.W.3d at 891 (citing *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 227–28 (Tex. 2005)). But the court of appeals also deemed it significant that the requested instruction related to a "contested, critical issue," citing an opinion of this Court decided under the improper-judgment prong. *See id.* (citing *Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 225 (Tex. 2010)). The parties are similarly not explicit about which prong they are addressing.

Under the improper-judgment prong, an appellate court must review the entire record to determine whether the trial court's error probably caused the rendition of an improper judgment. *Crump*, 330 S.W.3d at 225. In the jury-instruction context, that inquiry focuses on what the jury could be expected to consider and conclude based on the information presented to it, such as the evidence the trial court admitted and the instructions the trial court submitted. *See, e.g.*, *id.* at 225–

---

[7] Texas Rule of Appellate Procedure 61.1 provides a substantially identical rule for review by this Court. *See* TEX. R. APP. P. 61.1.

27; *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 862 (Tex. 2009); *Shupe v. Lingafelter*, 192 S.W.3d 577, 579–80 (Tex. 2006).

The prevented-from-presenting prong, on the other hand, generally applies when something prevents an appellate court from evaluating harm under the improper-judgment prong. For example, when a trial court submits both valid and invalid theories of liability in a single broad-form jury question, it is impossible to determine whether the jury based its verdict on the valid theory or the invalid one. *See Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 381 (Tex. 2000). The trial court's error in that circumstance is harmful because an appellate court cannot determine from the record whether the error probably caused the rendition of an improper judgment. *See Columbia*, 284 S.W.3d at 865. Thus, the proper inquiry under the prevented-from-presenting prong is whether the appellate court can review the record to determine whether the trial court's error probably caused the rendition of an improper judgment. *See id.* at 864–65. If the trial court's error prevents the appellate court from doing so, the error is harmful unless, at least in the jury-instruction context, the appellate court is "reasonably certain that the jury was not significantly influenced by" the error. *Romero*, 166 S.W.3d at 227–28 (quotation omitted).

In this case, the prevented-from-presenting prong does not apply because the record contains evidence enabling us to determine that the trial court's failure to submit a 10–2 instruction did not probably cause the rendition of an improper judgment. Namely, the jury's unanimous verdict finding that Jones is an SVP shows that the trial court's error did not affect the jury's verdict.

We have explained that a juror should vote based on her "deliberate judgment, sound reflection, and conscientious convictions." *Kindy v. Willingham*, 209 S.W.2d 585, 587 (Tex.

8

1948).  If a party suspects that the jury did not reach its verdict in that manner, the party may challenge the verdict on the basis that the verdict was the result of "chance or lot" or that the court's charge, including an *Allen* charge, was impermissibly coercive.  *See id.*; *Stevens v. Travelers Ins. Co.*, 563 S.W.2d 223, 228–29 (Tex. 1978).  But Jones does not challenge the jury's method of deliberation or the court's modified *Allen* charge.  Thus, we must presume that the jurors voted the way they did because they were conscientiously convinced of the result they reached.  The jury's unanimous finding that Jones is an SVP means that each member of the jury was convinced— based on the evidence presented, the charge assigned, and the instructions given—that Jones is an SVP.  Because the members of the jury all came to that conclusion, an instruction explaining that a vote of ten of the jurors was sufficient for a verdict declining to find that Jones is an SVP would not have changed the outcome of this case.

Jones argues that the length of time the jury spent deliberating indicates that the jurors were divided or undecided on the question submitted to them.  That may be so.  But because the jury ultimately voted unanimously for a "yes" verdict and Jones does not challenge the jury's method of deliberation or the court's modified *Allen* charge, we must presume that the jurors voted the way they did because it was their conscientious conviction.  If the jurors had been unable to agree, the trial court could have declared a mistrial.  *See Fleet v. Fleet*, 711 S.W.2d 1, 2–3 (Tex. 1986).  But all twelve jurors ultimately voted "yes," and Jones has provided us no basis on which to second-guess their deliberation process.

Because it is apparent from the face of the record that the trial court's failure to submit the requested 10–2 instruction did not probably cause the rendition of an improper judgment, the trial court's legal error was harmless, and the court of appeals erred in reversing and remanding for a

new trial. Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and reinstate the judgment of the trial court. TEX. R. APP. P. 59.1.


**OPINION DELIVERED:** April 24, 2020