# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2024

Lyle W. Cayce

Clerk

————————

No. 23-20582
Summary Calendar

————————

Anthony Navarra; Katherine Navarra,

*Plaintiffs—Appellants*,

*versus*

State Farm Lloyds,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-1689

_____

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plantiffs-Appellants, Anthony Navarra and Katherine Navarra, appeal the district court's grant of summary judgment to their insurance company, State Farm Lloyds ("State Farm"), on their claims for violations of the Texas Insurance Code and common law bad faith. For the following reasons, we AFFIRM.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20582

## I.

The Navarras filed a claim with their insurer, State Farm, for hail damage to their property. After inspecting the insured property, State Farm determined that the reported damage was "a result of wear, tear and deterioration," and therefore was not covered under the Navarras' policy. After a second inspection, State Farm informed the Navarras that the reported damage was below their policy deductible, and therefore State Farm owed nothing on the claim. Dissatisfied with this result, the Navarras invoked their policy's appraisal provision and in December of 2022, the appraisal panel issued its award. On January 9, 2023, State Farm sent a notice informing the Navarras that it would not honor the appraisal award because it included items not covered under the policy.

The Navarras sued State Farm, alleging claims for breach of contract, statutory violations under the Texas Insurance Code, and bad faith. After the Navarras filed the instant suit, State Farm issued a check to the Navarras for $27,554.09—the full appraisal award, less the deductible and recoverable depreciation. State Farm also paid the Navarras $3,040.76 in statutory interest potentially owed under the Texas Prompt Payment of Claims Act ("TPPCA").

State Farm moved for summary judgment, arguing that its payment of the appraisal award plus interest foreclosed the Navarras' claims. The district court granted State Farm's motion and dismissed all of the Navarras' claims. The court held that because it was undisputed that State Farm paid the full amount of the appraisal award, including interest, such payment precluded the Navarras' breach of contract and TPPCA claims. It further reasoned that because the Navarras received all the benefits owed to them under the policy and had not alleged any independent injury, they were unable to maintain their claims of common law and statutory bad faith, nor

2

could they recover attorney's fees.  On appeal, the Navarras only challenge the district court's holding on their extra-contractual claims for common law and statutory bad faith.[1]

## II.

We review summary judgment *de novo*, applying the same standard as the district court.[2]  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]  "[I]n this diversity-jurisdiction case, Texas law applies to . . . question[s] of substantive law."[4]

On appeal, the Navarras assert that the district court erred in dismissing their bad faith claims seeking lost policy benefits because they did not prove they suffered an injury independent from the loss of policy benefits. In maintaining this argument, the Navarras do not dispute that the only damages they pursue are loss of policy benefits.[5]  Nor do they dispute that

---

[1] To the extent the Navarras also appeal the district court's dismissal of their request for attorney's fees for their extra-contractual claims, they are precluded from recovering such fees by the Texas Supreme Court's decision in *Rodriguez v. Safeco Insurance Co. of Indiana*, 684 S.W.3d 789, 793–95 (Tex. 2024).  *See id.* at 792 ("[S]ection 54A.007 of the Insurance Code prohibits an award of attorney's fees when an insurer has fully discharged its obligations under the policy by voluntarily paying the appraised amount, plus any statutory interest, in compliance with the policy's appraisal provisions.").

[2] *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

[3] Fed. R. Civ. P. 56(a).

[4] *Antero Res., Corp. v. C&R Downhole Drilling, Inc.*, 85 F.4th 741, 746 (5th Cir. 2023).

[5] The district court noted that although the Navarras' initial complaint also alleged mental anguish as a basis for actual damages, that claim was dropped in their amended complaint, and they did not point to any evidence of mental anguish in their opposition to State Farm's motion for summary judgment.  The Navarras do not challenge this holding on appeal.

No. 23-20582

State Farm discharged its obligations under the policy by paying the appraisal award in full, plus any statutory interest. And crucially, the Navarras do not dispute (or even address) the district court's conclusion that the Texas Supreme Court's decision in *Ortiz v. State Farm Lloyds*,[6] precludes their extra-contractual bad faith causes of action.

In *Ortiz*, the Texas Supreme Court explained that "although a breach of contract finding is not a prerequisite to recovery for a statutory violation that 'caused' the insured's damages, the 'general rule' is that 'an insured cannot recover policy benefits as actual damages for an insurer's statutory violation if the insured has no right to those benefits under the policy.'"[7] However, "regardless of whether an insured is entitled to benefits under the policy, he may recover damages for a statutory violation that causes an injury 'independent from the loss of the benefits.'"[8] Applying these principles, the court concluded that "an insurer's payment of an appraisal award on an insured's claims . . . bars the insured's common law and statutory bad faith claims to the extent the only actual damages sought are lost policy benefits."[9] Accordingly, the court affirmed the grant of summary judgment to the insurer on the insured's bad faith claims given that the insured did not seek to recover any damages "other than the policy benefits paid in accordance with the policy's appraisal provision," and therefore had received all the benefits he was entitled to under the policy.[10]

---

[6] 589 S.W.3d 127 (Tex. 2019).

[7] *Id.* at 134 (quoting *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495 (Tex. 2018)).

[8] *Id.* (quoting *Menchaca*, 545 S.W.3d at 499–50).

[9] *Id.* at 129.

[10] *Id.* at 135.

4

Like in *Ortiz*, the Navarras only seek damages for their alleged wrongful loss of benefits under their policy and did not present evidence that they suffered an independent injury that would entitle them to damages in excess of their policy. Thus, because State Farm has already paid the appraisal award and any interest, the Navarras' extra-contractual claims related to State Farm's alleged bad faith are foreclosed by *Ortiz*.

Rather than addressing *Ortiz*, the Navarras make two arguments on appeal. First, they cite to this Court's decision in *Lyda Swinerton Builders, Inc. v. Oklahoma Surety Co.*,[11] for the proposition that they are not required to show an injury independent from their denied benefits in order to recover statutory damages for State Farm's alleged bad faith actions. In *Lyda*, this Court held that if the insured could establish that the insurer's alleged misrepresentation caused it to breach its duty to defend the insured, the insured could recover incurred defense costs under the policy as actual damages for extra-contractual claims.[12] However, *Lyda* is readily distinguishable from this case given that in *Lyda* the insured was seeking damages for *unpaid* defense costs owed under the policy, whereas here the Navarras seek damages for *paid* policy benefits that State Farm previously provided pursuant to the appraisal award.[13]

Second, the Navarras assert that they are entitled to plead alternative theories of recovery and may choose under which theory to recover damages. But, as explained by the district court, the Navarras are not entitled to recover under either their breach-of-contract or extra-contractual theories because they already received all the benefits they were entitled to under their

---

[11] 903 F.3d 435 (5th Cir. 2018)

[12] *Id.* at 453.

[13] *See id.* at 450–53.

No. 23-20582

policy and have not shown they suffered some independent injury. Thus, although the Navarras are correct that they are free to plead alternative theories of recovery, under either theory they are not entitled to damages for the loss of policy benefits.

In sum, the district court correctly held, pursuant to Texas Supreme Court precedent, that State Farm is entitled to summary judgment on the Navarras' bad faith and statutory damages claims. Accordingly, we AFFIRM.