**AFFIRMED and Opinion Filed July 18, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00190-CV

### SHERICA REDRICK, Appellant
### V.
### STATE FARM LLOYDS, Appellee

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-12379**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Carlyle

Sherica Redrick appeals from the trial court's take-nothing judgment in favor of State Farm

Lloyds.[1] In her opening brief, Redrick contended that the trial court's judgment should be reversed

and remanded in the interest of justice based on fatally conflicting answers in the jury's verdict. In

her reply brief, Redrick concedes the issue was not preserved for our review under the analysis in

*USAA Texas Lloyds Co. v. Menchaca* (*Menchaca II*), 545 S.W.3d 479 (Tex. 2018), issued after the

trial here. We affirm by this memorandum opinion. *See* TEX. R. APP. P. 47.4.

### I. Background

This is a first-party insurance dispute. Redrick's home was damaged in a storm, and she

filed a claim with her insurer, State Farm. State Farm acknowledged coverage, but it found that

---

[1] At the close of evidence, Redrick dismissed her claims against Defendant Andres Garcia, and Redrick does not appeal from the portion of the trial court's judgment noting that dismissal.

Redrick was not entitled to benefits because the cost of necessary repairs would not exceed her policy's deductible. Redrick disagreed. She believed her roof needed to be replaced, so she sued State Farm for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.

Approximately six months before Redrick's case went to trial, the Texas Supreme Court issued its first opinion in *USAA Texas Lloyds Co. v. Menchaca* (*Menchaca I*).[2] We briefly discuss *Menchaca I* because it influenced the proceedings here.

*Menchaca I* dealt with a similar first-party insurance dispute. The insurance company determined that, while the policy at issue covered some of the storm damage, Menchaca was not entitled to benefits because the costs of repairs would not exceed the policy's deductible. Menchaca sued the insurance company both for breach of the policy and for violations of the Texas Insurance Code, seeking the same measure of damages for each claim—the policy benefits she claimed she should have received. Ultimately, the jury determined that the insurer did not breach the policy, but also found that the insurance company had failed to conduct a reasonable investigation of Menchaca's claim, a violation of the Insurance Code. It therefore awarded Menchaca, as actual damages for the insurance-code violation, the same amount she sought as benefits under the policy.

Each side claimed it was entitled to judgment on the verdict. The insurer argued that Menchaca should take nothing as a matter of law because the jury found there was no breach of the policy. Menchaca argued that she was entitled to judgment on the insurance-code violations, which were not conditioned on a breach of the policy. Neither side asserted that the jury's answers

---

[2] The supreme court's opinion in *Menchaca I* was later withdrawn and replaced by an opinion on rehearing. *See* No. 14-0721, 2017 WL 1311752 (Tex. Apr. 7, 2017), *withdrawn and superceded*, 545 S.W.3d 479 (Tex. 2018).

irreconcilably conflicted. Ultimately, the trial court disregarded the jury's finding on contractual liability and entered final judgment in Menchaca's favor. The court of appeals affirmed.

The supreme court tried to clarify the circumstances under which a plaintiff may recover tort damages for an insurer's conduct in relation to a claim made for benefits under an insurance policy, as follows:

> We clarify today that an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits. An insured who establishes a right to receive benefits under the policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits. And an insured can recover benefits as actual damages under the Insurance Code even if the insured has no contractual right to those benefits if the insurer's conduct caused the insured to lose that right. If an insurer's statutory violation causes an injury independent of the insured's right to recover policy benefits, the insured may recover damages for that injury even if the insured is not entitled to receive benefits under the policy. *But if the policy does entitle the insured to benefits, the insurer's statutory violation does not permit the insured to recover any actual damages beyond those policy benefits unless the violation causes an injury that is independent from the loss of the benefits.* Finally, an insured cannot recover any damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits.

The supreme court reversed the lower courts' decisions to disregard the jury's answer to the contractual question, concluding that the answer was not immaterial. But given the lack of clarity in its prior precedent, the supreme court did not fault either party for the positions it took based on that precedent. Instead, the supreme court remanded the case for a new trial in the interest of justice, allowing both parties to present their cases with the benefit of the supreme court's clarification of the applicable law. *See* TEX. R. APP. P. 60.3.

With that as a backdrop, Redrick tried her case to a jury in October 2017. Like the jury in *Menchaca*, the jury in Redrick's case answered "No" to the first question asking whether State Farm had failed to comply with the policy. And, like the jury in *Menchaca*, the jury in Redrick's case responded "Yes" to a question asking whether State Farm had engaged in an unfair or deceptive act or practice. In connection with that finding, the jury awarded $10,000 in actual

damages which it based on "[t]he cost to repair or replace the roof on the Subject Property due to damages caused by wind and/or hail as a result of" the storm. The jury also awarded an additional $11,000 after finding that State Farm acted knowingly, and it awarded Redrick $170,000 for attorney fees through trial, $40,000 for attorney fees for representation at the court of appeals, and up to $20,000 for representation at the supreme court.

Like the parties in *Menchaca*, neither Redrick nor State Farm objected to the verdict on the basis of conflicting answers. Instead, each party sought to have judgment entered in its favor. Redrick contended she should receive judgment based on the jury's finding that State Farm knowingly committed a deceptive practice that caused her damages. State Farm, for its part, argued based on *Menchaca I* that it was entitled to a take-nothing judgment because the jury found it did not fail to comply with the policy—thus necessarily finding that Redrick was not contractually entitled to the damages she sought to recover in tort (roof replacement). Moreover, according to State Farm, Redrick did not allege, establish, or obtain a finding that she sustained an independent injury.[3]

Redrick responded that under *Menchaca I*'s entitled-to-benefits rule, she "only had to demonstrate *coverage*, not breach of contract." It was undisputed that her property was covered against wind and hail damage. Thus, she was entitled to judgment "because the jury separately found that [State Farm] violated the Texas Insurance Code by engaging in unfair or deceptive acts or practices that actually damaged Plaintiff in the amount of $10,000." And because "the jury found that [State Farm] engaged in bad faith, then the damages wrongfully withheld are a 'legal damage' that accrued under the statute at the time of those unfair practices or acts." In other words,

---

[3] State Farm also argued that the evidence was insufficient to support the jury's findings on Redrick's tort claims, but those arguments are not relevant to our disposition.

–4–

Redrick argued that the jury's contractual finding was irrelevant in light of its finding that she suffered damages under the Insurance Code.

Notably, in her response, Redrick represented to the trial court that "a new trial [was] not necessary or warranted as it was in *Menchaca I* because the parties were not confused by the law at the time of the trial as they were in that case." She added that "the parties do not need a second-shot to litigate because they had the benefit of the clarifications in *Menchaca*."

The trial court agreed with State Farm and entered a take-nothing judgment on the verdict in January 2018. Redrick timely appealed. Before she filed her opening brief in this Court, however, the supreme court granted rehearing in *Menchaca*, withdrew its original opinion, and issued new opinions in its place. *See Menchaca II*, 545 S.W.3d at 479. *Menchaca II* "unanimously reaffirm[ed] the legal principles and rules announced in" *Menchaca I*. Nevertheless, because the justices ultimately disagreed on the procedural effect of those principles under the facts of that case, multiple opinions were issued discussing the appropriate procedural disposition.

Of particular note, the court in *Menchaca II* unanimously agreed that the trial court erred by disregarding the jury's answer to the contractual liability question (the error asserted on appeal by the insured). *Id.* at 504. A majority of the court also determined that there was an irreconcilable and fatal conflict between the jury's answers in the verdict. On the one hand, the jury found that the insurer, by failing to adequately investigate Menchaca's claim, caused damages in the amount of policy benefits the insurer "should have paid" to Menchaca. *Id.* On the other hand, the jury failed to find that the insurer breached the policy by failing to pay the very policy benefits the jury later determined the insurer "should have paid." Put simply, "if [the insurer] 'should have paid' Menchaca benefits under the policy and did not, then [the insurer] necessarily failed to comply with the policy's terms." *Id.* at 508–09. Thus, the jury's findings could not be reconciled. *Id.*

Ultimately, a majority of the court agreed that the particular circumstances of Menchaca's case warranted reversal and a remand for a new trial. *Id.* at 485, 520–21.

## II. Discussion

In her sole issue, Redrick contends the trial court's judgment should be reversed and remanded in the interest of justice because the jury's answer to the contractual liability question is in fatal conflict with its answers to the tort liability questions. But Redrick concedes in her reply brief that the issue was not preserved for our review by appropriate objection in the trial court. She likewise concedes that, because the error was not preserved, we cannot reverse the trial court on the basis of the purported conflict, and we therefore cannot remand the case in the interest of justice. *See* TEX. R. APP. P. 43.3. She nevertheless presents her fatal-conflict argument for the purpose of preserving it for review by the supreme court. Because Redrick concedes that we cannot grant the relief she requests on the basis of the sole issue presented by her appeal, we affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

180190F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHERICA REDRICK, Appellant

No. 05-18-00190-CV     V.

STATE FARM LLOYDS, Appellee

On Appeal from the 116th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-15-12379.
Opinion delivered by Justice Carlyle.
Justices Myers and Molberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee STATE FARM LLOYDS recover its costs of this appeal from appellant SHERICA REDRICK.

Judgment entered this 18th day of July, 2019.