# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2022

Lyle W. Cayce
Clerk

No. 20-10262

Dillon Gage, Incorporated of Dallas,

*Plaintiff—Appellant*,

*versus*

Certain Underwriters at Lloyds Subscribing to Policy No EE1701590,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-cv-01555

Before Barksdale, Southwick, and Graves, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

After incurring a million-plus-dollar loss for sending gold coins to a thief who forged check payments and intercepted the shipment of those coins, Dillon Gage, Inc., filed an insurance claim. The underwriters denied the claim pursuant to a coverage exclusion for losses incurred "consequent upon" handing over insured property to any third party against payment by a fraudulent check. Because the language in the policy had yet to be interpreted in Texas, we certified the issue to the Texas Supreme Court. In its answer, the Texas Supreme Court concluded the exclusion applied and

No. 20-10262

Dillon Gage was not entitled to coverage. Accordingly, we AFFIRM the district court's order reaching the same conclusion.

## I.

Dillon Gage deals in gold coins and other precious metals. In January 2018, Dillon Gage received an order for $549,000 worth of gold coins. Dillon Gage thought the order was from Kenneth Bramlett, an orthopedic surgeon from Alabama. But unbeknownst to Dillon Gage, a criminal posing as Kenneth Bramlett placed the order and provided Bramlett's correct home address, correct social security number, and a scan of an Alabama driver's license of a person purporting to be Bramlett. This thief stole Bramlett's identity and intercepted a box of his personal checks from the mail.

After Dillon Gage received the order and the check (purportedly signed by Bramlett's wife) cleared, Dillon Gage shipped the order via UPS and emailed the tracking information to the email address the thief provided. Shortly after the package arrived at UPS's facility for shipping, the thief sent UPS an instruction to hold the package at a UPS facility instead of delivering it to Bramlett's address. UPS, however, was not authorized by Dillon Gage to reroute the package without Dillon Gage's consent. An unknown individual retrieved the package, without signing for it, only three minutes after it arrived at the UPS facility.

Having successfully stolen the coins, the thief did the same thing with another order for $655,000 worth of coins. Once Bramlett discovered the fraud, Dillon Gage had neither the $1,204,000 worth of gold coins it had shipped nor the $1,204,000 it had received from Bramlett.

Dillon Gage filed an insurance claim. The underwriters denied the claim pursuant to an exclusion for "any claim . . . where the loss has been sustained by the Insured *consequent upon* handing over such Insured property to any third party against payment by [fraudulent check]." (emphasis added).

2

No. 20-10262

Dillon Gage then sued the underwriters for breach of contract and violations of the Texas Insurance Code.

On cross motions for summary judgment, the district court concluded the losses were excluded from coverage because they were indeed consequent upon Dillon Gage accepting fraudulent checks and shipping the insured coins. Because the language "consequent upon" had yet to be interpreted by the Texas Supreme Court and the parties had opposing views regarding the scope of the policy's exclusion, we certified the following questions to the Texas Supreme Court:

1.    Whether Dillon Gage's losses were sustained consequent upon handing over insured property to UPS against a fraudulent check, causing the policy exclusion to apply.

And if that answer is yes,

2.    Whether UPS's alleged errors are considered an independent cause of the losses under Texas Law.

*See Dillon Gage, Inc. of Dallas v. Certain Underwriters at Lloyds Subscribing to Pol'y No EE1701590*, 992 F.3d 401, 405–06 (5th Cir. 2021).

The Texas Supreme Court concluded the ordinary meaning of "consequent upon" is but-for causation and therefore answered "yes" to the first question. *See Dillon Gage Inc. of Dallas v. Certain Underwriters at Lloyds Subscribing to Pol'y No. EE1701590*, 636 S.W.3d 640, 644–45 (Tex. 2021). On the second question, the Texas Supreme Court answered "no" by concluding UPS's alleged negligence was a concurrent cause of loss, dependent upon Dillon Gage's handing over of the gold coins against fraudulent checks. *See id.* at 645–46.

3

## II.

In light of the answers from the Texas Supreme Court, we conclude the district court correctly determined Dillon Gage's losses were excluded from coverage.

The only unresolved issue is whether Dillon Gage's extra-contractual claims under the Texas Insurance Code were also properly dismissed. "The general rule is that an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018). Indeed, "an insured cannot recover *any* damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits." *Id.* at 489. The district court concluded Dillon Gage's extra-contractual claims were premised on its right to benefits under the policy. Having found no coverage under the policy pursuant to the "consequent upon" exclusion, the district court dismissed the extra-contractual claims.

Because the Texas Supreme Court determined Dillon Gage's losses were not covered, we likewise conclude the extra-contractual claims were properly dismissed. *See id.* at 491 (noting extra-contractual claims are negated if they are predicated on coverage under the policy and it is determined that there is no coverage).

## III.

Pursuant to the Texas Supreme Court's answer to the first of our two certified questions, Dillon Gage's losses were consequent upon its handing over insured property to UPS against a fraudulent check. And UPS's alleged mishandling of the shipment was a concurrent cause of loss, dependent upon Dillon Gage's own conduct in handing over the gold coins against fraudulent checks. Dillon Gage is therefore not entitled to coverage under its policy from

No. 20-10262

the underwriters. Because Dillon Gage's extra-contractual claims are premised on its claim for coverage, those claims also fail.

The district court's judgment is AFFIRMED.