

# NUMBER 13-21-00208-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GREATER MCALLEN ASSOCIATION
OF REALTORS, INC.                                                    Appellant,

v.

TIMOTHY WAYNE WILKINS                                          Appellee.

**On appeal from the County Court at Law No. 7
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Tijerina**

This is an accelerated interlocutory appeal from the trial court's order denying

appellant Greater McAllen Association of Realtors, Inc. (GMAR) motion to dismiss

pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM.

CODE ANN. §§ 27.03, 51.04(12). By its sole issue, GMAR argues the trial court committed reversible error by denying its motion to dismiss appellee Timothy Wilkins's breach of contract claim because: (a) it involves GMAR's exercise of its First Amendment rights and (b) Wilkins failed to meet his prima facie evidentiary burden pursuant to the TCPA. *See generally id.* §§ 27.001–.011. We reverse and remand.

## I. BACKGROUND

Wilkins is a member of GMAR. On April 1, 2019, Wilkins sued GMAR alleging numerous causes of action. Eventually, the parties entered into a confidential settlement agreement, which included a non-disparagement section.[1]

Thereafter, Wilkins ran for the local political office of McAllen District 1 Commissioner. On March 1, 2021, GMAR sent all District 1 candidates, including Wilkins, correspondence commending the candidates for seeking public office, asking them to fill out a questionnaire, and inviting them to participate in interviews to obtain GMAR's endorsement for the position. Wilkins participated in this process. On March 29, 2021, GMAR publicly endorsed another candidate.

The next day, Wilkins sued GMAR for violation of the Texas Non-Profit Act, due process violations, and breach of contract, and he sought injunctive and equitable relief. Wilkins amended his petition, withdrew his request for injunctive relief, and alleged causes of action based on: (1) promissory estoppel, (2) breach of contract, and (3) negligence. His amended petition sought declaratory judgment and attorney's fees.[2] On

---

[1] The non-disparagement provision reads as follows: "The parties hereto agree not to disparage, discredit, or defame one another . . . to any third party, governmental agency or business association or organization. If asked, the Parties will state that '*the dispute was resolved on mutually agreeable terms.*'"

[2] Wilkins nonsuited his claim regarding due process violations and the requests for injunctive and

2

May 25, 2021, GMAR filed a motion to dismiss pursuant to the TCPA, contending that Wilkins's suit should be dismissed because it was in response to GMAR's exercise of its right to free speech and the right of association.

Wilkins filed a brief in response to GMAR's TCPA motion to dismiss. He further filed a motion for sanctions, asserting GMAR attempted to mislead the trial court by falsely representing that Wilkins's claims involve GMAR's exercise of its right to free speech and right to association. The trial court held a hearing on June 28, 2021. Following the hearing, the trial court granted GMAR's motion to dismiss as to all of Wilkins's claims against it except for Wilkins's breach of contract claim, and the trial court denied Wilkins's motion for sanctions. This appeal followed. *See id.* § 51.014(a)(12) (permitting immediate appeal of interlocutory order denying TCPA motion to dismiss).

## II. TCPA

The TCPA establishes an "expedited procedure for the early dismissal of groundless legal actions that impinge on First Amendment rights." *Greer v. Abraham*, 489 S.W.3d 440, 442 (Tex. 2016). Its purpose is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. We construe the TCPA "liberally to effectuate its purpose and intent fully." *Id.* § 27.011(b).

---

equitable relief.

3

The TCPA establishes a three-step process to determine whether dismissal of a legal action is required. *See Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). First, the movant has the initial burden to show the TCPA applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). If the movant satisfies that threshold requirement, the burden shifts to the non-movant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). "Clear and specific" has been described as evidence that is "unaided by presumptions, inferences, or intendments." *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 355 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Finally, even if the non-movant establishes its prima facie case, the trial court shall nevertheless dismiss the legal action if the movant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* § 27.005(d).

A "prima facie" showing generally "requires only the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding) (per curiam) (internal quotation marks and citation omitted). A prima facie case "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015); *John Moore Servs.,* 441 S.W.3d at 354–55 ("The Legislature's use of the term 'prima facie case' implies a minimal factual burden . . . ."). "In determining whether a legal action . . . should be dismissed . . . ," the court "shall consider the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing

4

affidavits . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). "We review a trial court's denial of a TCPA motion to dismiss de novo" and "view the pleadings and evidence in the light most favorable to the nonmovant." *Segundo Navarro Drilling, Ltd. v. San Roman Ranch Mineral Partners*, 612 S.W.3d 489, 492 (Tex. App.—San Antonio 2020, pet. denied) (citations omitted).

### III. RIGHT TO FREE SPEECH AND ASSOCIATION

In its first sub-issue, GMAR asserts Wilkins's suit was based on or in response to its exercise of its right to free speech and right of association. Wilkins does not dispute that GMAR's act of endorsing a political candidate is an exercise of its right to free speech and right of association. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(2) (defining "exercise of the right of association" as "to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern"); *id.* § 27.001(3) (defining "exercise of the right of free speech" as "a communication made in connection with a matter of public concern"); *id.* § 27.001(7)(A) (providing that a statement or activity regarding a public figure is, by definition, a matter of public concern). But Wilkins denies that GMAR's endorsement of another political candidate is the activity which he complained of in his suit. According to Wilkins, "without more information, neither GMAR nor this Court can state with any degree of certitude what Wilkins complained of" and "there simply cannot be a connection between Wilkins's claim" and "GMAR's right of free speech or of association."

### A. Applicable Law

A party moving for dismissal under the TCPA bears the initial burden to show by a

preponderance of the evidence that the legal action against them is "based on or is in response to" the exercise of either: (1) the right to free speech; (2) the right to petition; or (3) the right of association. *Id.* §§ 27.003(a), 27.005(b); *see S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). The TCPA defines both the right of free speech and the right of association as involving communications. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(2)–(3). Under the TCPA, a communication between individuals who "join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern" constitutes an exercise of the right of association. *Id.* § 27.001(2). The TCPA defines the exercise of free speech as "a communication made in connection with a matter of public concern." *Id.* § 27.001(3). A matter of public concern is a "statement . . . regarding: (A) a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity; (B) a matter of political, social, or other interest to the community; or (C) a subject of concern to the public." *Id.* § 27.001(7).

## B.   Discussion

Turning to Wilkins's allegations in his live pleading, the entirety of his breach of contract allegation is as follows:

> The Defendant GMAR's failure to adhere to the terms and conditions of the "Defamation" portion of the written Settlement Agreement and Release that it executed with the Defendant [sic], resulted in a breach of contract by Defendant. Despite prior notice to the Defendant, the Defendant proceeded to engage in activities that has [sic] expressly violated its agreement with the Plaintiff.

Wilkins has consistently maintained that "instead of following [GMAR's] own written process as written and sent to [Wilkins], GMAR published its own endorsements" thereby

6

"breach[ing] the 'Defamation' portion of the written *Settlement Agreement and Release*."

We disagree with Wilkins that there is no connection between his complaint and GMAR's public endorsement. Contrarily, at the motion to dismiss hearing, Wilkins directly correlated his complaint to GMAR's public endorsement of another candidate:

> And when [GMAR] went ahead and aired those endorsements they discredited Mr. Wilkins, because they were never supposed to be aired in the general public or social media at all. And that is what caused the discrediting of Mr. Wilkins.
>
> . . . .
>
> That is the problem with [GMAR] getting involved . . . I don't see how you can[]not be tinkering on the violation of this mutual settlement agreement when you are going to do—possibly do an endorsement.
>
> . . . .
>
> Now, we were fearful that it was not going to be a closed membership endorsement, as it turned out to be. They went ahead and did it publicly. Which is where the discrepancy issue comes, Judge. If they would have kept it closed the[re] may have been an issue with us even going forward on this breach of contract claim . . . which results in [Wilkins] being discredited.

Therefore, we find that the GMAR's public endorsement of another candidate is, indeed, the impetus for Wilkins's complaint.[3] Consequently, the burden shifted to Wilkins to establish by clear and specific evidence a prima facie case for each essential element of his claim. *See id.* § 27.003(c).

## IV. PRIMA FACIE CASE

In its second sub-issue, GMAR asserts that Wilkins failed to establish by clear and

---

[3] The trial court opined that Wilkins's suit "was kind of a wait-and-see if he prevailed" because GMAR had been publicly endorsing political candidates for almost ten years, yet Wilkins had never filed suit or sought to enjoin GMAR from the same, further demonstrating Wilkins's suit was based on GMAR's endorsement of another candidate.

specific evidence his prima facie burden of his breach of contract claim.

Wilkins brought a breach of contract claim against GMAR. A breach of contract action requires proof of four elements: (1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) "the plaintiff sustained damages as a result of the breach." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). However, Wilkins did not provide any evidence to support any of the breach of contract elements. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a) (stating that, in determining a TCPA motion to dismiss, the court shall consider "evidence a court could consider" in summary judgment proceedings); *Regency Field Servs., LLC v. Swify Energy Operating, LLC*, 622 S.W.3d 807, 819 (Tex. 2021) ("Clearly, a party cannot rely on its own pleaded allegations as evidence of facts to support its summary-judgment motion or to oppose its opponent's summary-judgment motion."); *Yu v. Koo*, 633 S.W.3d 712, 729 (Tex. App.—El Paso 2021, no pet.) ("Neither the pleadings themselves, nor the allegations within them, constitute evidence."); *Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 27 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (recognizing that pleadings are not evidence "because assertions in a petition are nothing more than allegations"). Furthermore, in Wilkins's response to GMAR's TCPA motion to dismiss, other than listing his causes of action, including breach of contract, Wilkins provided no evidence to support his prima facie burden. He similarly does not address it on appeal. Because Wilkins did not meet his burden to provide clear and specific evidence of a prima facie case, the trial court erred in denying GMAR's motion to dismiss Wilkins's breach of contract claim. Accordingly, we sustain GMAR's sole issue.

## V.    CONCLUSION

We reverse the trial court's judgment, and we remand for further proceedings consistent with this opinion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1).

JAIME TIJERINA
Justice

Delivered and filed on the
4th day of August, 2022.

9