**DISSENTING OPINION Filed October 30, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-22-00749-CV

**MICHAEL KNOPP AND SANDRA RYBICKI-KNOPP, Appellants**
**V.**
**STATE FARM LLOYD'S, Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-04386-2021**

## DISSENTING OPINION FROM DENIAL OF
## EN BANC RECONSIDERATION

Opinion by Justice Carlyle

This case presents facts distinct from *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127 (Tex. 2019) that may merit a different result than both that case and the panel opinion here. At the least, they counsel further guidance from the en banc court or further examination by the Supreme Court.

First, for nearly two years after the loss, the Knopps and State Farm attempted to come to an agreeable resolution. The Knopps initiated the appraisal process, and the parties' chosen appraisers settled on a value significantly closer to what the Knopps had claimed all along. Some seven months passed after the appraisal award, during which State Farm refused on several occasions to pay the full appraisal award.

State Farm's refusal to pay compelled the Knopps to file suit. Then, four months and another State Farm rejection later, State Farm completely reversed course and tendered the appraisal's balance on the actual cash value amount, its calculation of interest, and its calculation of fees.

In *Ortiz*, the Supreme Court was considering Ortiz's argument that "by paying him the proper amount only after the appraisal award was issued, State Farm used the appraisal provision to 'excuse [its] failure to comply with its other contractual duties to timely pay its policyholders what they are entitled to under the policy.'" *Id.* at 132. Ortiz sued after initial estimates but before State Farm invoked the appraisal process. State Farm timely paid the appraisal award to Ortiz. *Id.* at 130. The Supreme Court was careful to note that allowing a breach of contract claim past summary judgment based solely on an appraisal coming back higher than the original estimate would incentivize litigation rather than short-circuiting it "as intended" by the appraisal process. *Id.* at 132–33 (cleaned up). This case is different.

When an insurer claims no error in the appraisal process but refuses to pay and disputes the amount of the award, there is a coverage dispute. Litigation is the remedy. Here, litigation appears to have gotten the Knopps in four months what they were unable to achieve in over two years in dealing with State Farm on the estimate and appraisal process. State Farm's behavior has earned a closer look, particularly as Texans continue to face spring storms exactly like the one in this case.

Second, the Knopps have alleged damages outside the amounts they claim under the policy: the difference in the cost to repair the roof from the time of the award to the time the Knopps filed suit, and the time State Farm paid on the appraisal. *Cf. Ortiz*, 589 S.W.3d at 133–34 (discussing independent injury damages available for statutory violations). They allege inflation drove up the repair and replacement cost. The *Oritz* court relied on the lack of damages independent from the loss of benefits to affirm summary judgment on Ortiz's bad faith claim. *Id.* at 134–35 (citing *USAA Texas Lloyds v. Menchaca*, 545 S.W.3d 479, 499–500 (Tex. 2018)). The panel here ignores the fact that the cost to repair the Knopps' roof increased due in part to State Farm's significant delay in paying the appraisal award. It characterizes these as damages "not separate from or different from benefits under the contract," but does not account for the fact that its opinion means State Farm will avoid paying these additional damages.

Because this case presents circumstances unique from those the Supreme Court has faced in the past and because the panel's opinion creates incentives counter to the Supreme Court's expressed policy considerations, I respectfully dissent.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

220749df.p05

Molberg, Partida-Kipness, Smith, and
Garcia J.J., join this dissenting opinion.

–3–