# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-40594

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2025

Lyle W. Cayce
Clerk

First Baptist Church Daisetta Texas,

*Plaintiff—Appellant*,

*versus*

Church Mutual Insurance Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:23-CV-193

_____

Before Dennis, Haynes, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

In this insurance case brought by plaintiff First Baptist Church Daisetta Texas ("First Baptist"), the district court granted summary judgment to defendant Church Mutual Insurance Company ("CM Insurance"). We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40594

## I.    Background

On February 22, 2022, First Baptist submitted an insurance claim to CM Insurance for wind and hail damage to its property.  After an initial inspection on March 14, 2022, and a second inspection on April 7, 2022, CM Insurance determined that the covered damages fell below the policy's deductible and advised First Baptist that it would not pay the claim.  In response, First Baptist invoked the policy's appraisal provision.

On October 15, 2022, First Baptist's appraiser and the agreed-upon umpire signed an appraisal award that determined a replacement cost value of $87,015.86 and, after applying depreciation, an actual cash value of $72,031.77.  Four days later, CM Insurance paid First Baptist $67,031.77 (the actual cash value less the $5,000.00 deductible).  First Baptist then sent CM Insurance a pre-suit notice letter seeking $3,764.80 as late-payment interest under the Texas Prompt Payment of Claims Act.  CM Insurance paid that amount.

First Baptist then filed suit in Texas state court.  CM Insurance removed the lawsuit to federal court.  First Baptist's amended complaint alleges claims for common-law bad faith, statutory torts under Chapter 541 of the Texas Insurance Code, and violations of the Texas Prompt Payment of Claims Act (Chapter 542 of the Texas Insurance Code).

CM Insurance moved for summary judgment on the basis that First Baptist had no remaining actual damages to recover.  The magistrate judge recommended granting the motion.  First Baptist filed objections, but the district court adopted the magistrate judge's recommendation and entered a final judgment dismissing all claims with prejudice.  First Baptist timely appealed.

No. 24-40594

## II.    Jurisdiction & Standard of Review

The district court exercised diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).  We have jurisdiction over the district court's final judgment.  28 U.S.C. § 1291.

We review grants of summary judgment de novo.  *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).[1]  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

## III.    Discussion

The district court properly granted CM Insurance's motion for summary judgment.[2]  Notably, in two recent decisions applying Texas law, we held that "if the only 'actual damages' that a plaintiff seeks are policy benefits that have already been paid pursuant to an appraisal provision in that policy, an insured cannot recover for bad faith either under Chapter 541 of the Texas Insurance Code or in common law tort."  *Mirelez v. State Farm Lloyds*, 127 F.4th 949, 951 (5th Cir. 2025) (citing *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127 (Tex. 2019)); *see also Senechal v. Allstate Vehicle & Prop. Ins.*, 127 F.4th 976, 978–79 (5th Cir. 2025) (same).[3]  We also rejected the

---

[1] CM Insurance contends that First Baptist failed to properly object to the magistrate judge's report and recommendations and therefore we must apply plain error review rather than de novo review.  Because we would reach the same conclusion under either standard, we need not address that contention.

[2] Because First Baptist does not challenge the district court's dismissal of its claims asserted under the Texas Prompt Payment of Claims Act, we need not address them.

[3] We note that First Baptist's counsel in this case also represented the respective plaintiffs in these cases, which were decided just last month.  Yet that counsel did not file a FED. R. APP. P. 28(j) letter advising the panel of these controlling precedents.  We remind plaintiff's counsel of the ethical obligation to do so.  *See, e.g.*, TEX.

No. 24-40594

argument advanced here by First Baptist that, under *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018), it need not prove an injury independent of its already-recovered policy benefits to be entitled to damages under Chapter 541 and the common law. *Mirelez*, 127 F.4th at 952–53. As we explained, *Menchaca* "allow[s] an insured to recover policy benefits as actual damages in tort . . . where the insured has not *already* recovered those damages on the contract." *Id.* (emphasis added).

Here, as in *Mirelez*, First Baptist has "recovered [its] entitled-to insurance benefits in full through payment of the appraisal award and interest." *Id.* at 953. Because First Baptist has not presented "evidence supporting an independent injury caused by alleged violations of Chapter 541 of the Insurance Code or an alleged breach of duty owed," we affirm the district court's dismissal of those claims. *Id.*

## IV.    Conclusion

For the reasons discussed, we AFFIRM the district court's order granting summary judgment.

---

DISCIPLINARY R. PROF. CONDUCT 3.03(a)(4) ("A lawyer shall not knowingly . . . fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.").