Opinion issued July 31, 2025



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00633-CV

———————————

**HOMEOWNERS OF AMERICA INSURANCE COMPANY, Appellant**

**V.**

**EMILIO MENCHACA, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Case No. 19-CV-0258**

---

## MEMORANDUM OPINION

This is an appeal arising from a residential property insurance dispute. Appellant Homeowners of America Insurance Company ("HAIC") appeals from the trial court's judgment rendered on a jury verdict in favor of appellee Emilio Menchaca in his countersuit for breach of contract, breach of the duty of good faith

and fair dealing, and violations of the Texas Insurance Code. In three issues, HAIC contends that the trial court erred because (1) HAIC complied with its obligations under the insurance policy, as a matter of law, when it paid the appraisal award and statutory interest to Menchaca and, thus, he cannot recover on his contract or extra-contractual counterclaims, (2) mental anguish that allegedly results from the denial of an insurance claim, as in this case, is not a recoverable "independent injury" and Menchaca failed to present legally sufficient evidence of mental anguish, and (3) Menchaca's insurance claim was paid in full and he therefore cannot recover any fees under Texas Insurance Code section 542A.007, and he failed to present legally sufficient evidence to support his claim for attorney's fees.

We reverse and render.

## Background

After his house was damaged during Hurricane Harvey, Menchaca filed a claim under his homeowner's insurance policy with HAIC on August 27, 2017. HAIC sent an adjuster to Menchaca's house to inspect the claimed damage on August 31, 2017. Following inspection, HAIC sent Menchaca a letter explaining its findings and its claim decision. HAIC estimated that the cost of covered repair to Menchaca's house was $3,688.54, which was less than his deductible, and therefore no payment would be made.

After Menchaca retained counsel, HAIC requested that it be allowed to reinspect the loss in response to any claim for additional damages and that Menchaca provide supporting documentation for any additional claimed damages. HAIC also advised that, under the terms of the policy, Menchaca was required to first invoke the appraisal process prior to filing suit, and that HAIC reserved the right to request that Menchaca and any adjuster hired on his behalf submit to an Examination Under Oath ("EUO").

On August 23, 2018, Menchaca's counsel sent a demand notice letter to HAIC stating that Menchaca had sustained $48,757.98 in economic damages based on an estimate prepared by Henry Sienema, Vice President of Case Strategies Group. The letter demanded that HAIC pay $48,757.98 in actual damages, $2,400 in attorney's fees, and $2,000 in expenses, totaling $53,157.98, to resolve the matter without litigation.

On September 6, 2018, HAIC invoked the appraisal process as set forth under the policy, which provides in pertinent part:

**E. Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court or record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written

3

report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

HAIC appointed an appraiser and reiterated its request to Menchaca for supporting documentation. Menchaca appointed Sienema as his appraiser. HAIC expressed concerns that, given his association with Case Strategies Group, Sienema was not "qualified" under the terms of the policy which require that an appraiser (1) "be competent, impartial, and disinterested," (2) "be licensed or certified as required by the applicable jurisdiction," and (3) not "have a financial interest that is conditioned on the outcome of the appraisal or the claim." HAIC requested that Sienema disclose his qualifications and fee arrangement within seven days as required under the policy. It also requested EUOs of, and documentation from, Menchaca and Sienema so that it could evaluate Menchaca's claim of additional damages. Menchaca's counsel responded that Menchaca was not available for an EUO at that time.

On February 19, 2019, HAIC filed suit for declaratory judgment against Menchaca seeking declarations that Menchaca and Sienema were required to submit to separate EUOs, Sienema was not a qualified appraiser, and Menchaca must appoint a qualified appraiser, and it requested attorney's fees. On April 22, 2019, the parties entered into a Rule 11 agreement; HAIC agreed to pass its hearing setting

4

and Menchaca agreed to submit to an EUO, withdraw Sienema as his appraiser, and appoint a qualified appraiser.

The next day, Menchaca answered, generally denying the allegations in HAIC's petition, and counterclaimed asserting violations of the Texas Insurance Code, fraud, breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Prompt Payment of Claims Act ("TPPCA").[1] Menchaca also sought attorney's fees. HAIC answered, generally denying Menchaca's allegations and asserting several affirmative defenses.

On June 3, 2019, Menchaca appointed Bobby Crowson as his new appraiser. Menchaca appeared for his EUO on March 24, 2021.[2]

On June 1, 2021, HAIC's appraiser and the agreed umpire signed an appraisal award setting the amount of loss for Menchaca's claim. On June 4, 2021, without admitting liability, HAIC issued a check to Menchaca in the amount of $7,085.86— the actual cash value of $13,145.86 assigned by the appraisers minus the $6,060 deductible under Menchaca's policy.

HAIC moved for summary judgment on Menchaca's counterclaims. It argued that his breach of contract claim failed because Menchaca failed to comply with the

---

[1]   *See* TEX. INS. CODE ANN. §§ 541.060, 542.056-.058.

[2]   Although initially scheduled for March 18, 2020, Menchaca's EUO was postponed due to the COVID-19 pandemic.

conditions precedent and his duties under the policy, which included his failures to submit to the required EUO and sign it. HAIC asserted that Menchaca's counterclaims for bad faith and fraud, whether under Chapter 541 of the Texas Insurance Code or the common law, failed because the appraisal award disposed of any contract breach without which the claims were unsupportable, and the inordinate delay caused by Menchaca's actions were not evidence of HAIC's bad faith but rather evidence of a bona fide dispute as to the amount of loss. Thus, Menchaca could not show that HAIC's liability had become "reasonably clear" as required to establish his counterclaims. HAIC argued that Menchaca's counterclaim that it had violated the TPPCA also failed because Menchaca had not complied with the conditions precedent under the policy of (1) submitting to an EUO and signing it, (2) providing the requested documents, and (3) proceeding in appraisal with a "qualified appraiser," thereby creating the delay for which he now sought four years of penalty interest on the $7,085.86 appraisal award.

Menchaca responded to HAIC's summary judgment motion arguing that the appraisal award did not dispose of his counterclaims. He asserted that if HAIC were correct that payment of the appraisal award extinguished his breach-of-contract counterclaim, then HAIC's declaratory judgment action—which was grounded in a breach-of-contract claim—was likewise extinguished. He argued that HAIC's delay in payment of the appraisal award did not insulate HAIC from liability under the

6

TPPCA as a matter of law or defeat any of his other counterclaims. Menchaca asserted that HAIC's unfair settlement practice of refusing to pay his claim for loss without conducting a reasonable investigation violated section 541.060(7) of the Texas Insurance Code. Menchaca argued that HAIC's conduct in grossly undervaluing the damage to his property constituted a breach of the underlying policy, fraud, and breaches of HAIC's duty of good faith and fair dealing.

HAIC replied that its payment of the appraisal award to Menchaca disposed of every one of Menchaca's counterclaims, except his counterclaim under the TPPCA for penalty interest and fees. As to his TPPCA counterclaim, Menchaca's noncompliance and noncooperation throughout the claims process and litigation demonstrated that Menchaca's counterclaim for penalty interest was not payable. His counterclaim for attorney's fees under Chapter 542 of the Texas Insurance Code was precluded as a matter of law because a $7,085.86 award payment (which capped the damages judgment Menchaca could obtain, if the entire award was proved to be within coverage) on a $53,157.98 demand resulted in an amount less than 0.2.[3]

The trial court denied HAIC's motion for summary judgment on August 25, 2020, and later denied its motion for reconsideration.

HAIC filed its declaration invoking offer of settlement procedures and served a statutory offer of settlement on Menchaca which expired without acceptance.

---

[3] *See* TEX. INS. CODE ANN. § 542A.007(c).

7

HAIC tendered $2,550.91 to Menchaca, which HAIC alleged was the maximum amount of statutory interest he could recover on his counterclaim under Chapter 542 of the Insurance Code if HAIC were found liable on the counterclaim.

HAIC filed a supplemental motion for summary judgment, which the trial court denied.

Menchaca moved for summary judgment on HAIC's claim for declaratory relief and its request for attorney's fees. He argued that no actual live controversy existed, and therefore, HAIC was not entitled to recover attorney's fees and he was entitled to summary judgment as a matter of law. The trial court denied Menchaca's motion for summary judgment.

On February 7, 2023, Menchaca filed his first amended answer and counterclaims. Under his claims for bad faith insurance practices and breach of the duty of good faith and fair dealing, the amended pleading alleged for the first time:

> [HAIC] committed bad faith insurance practices after the claim was over and the appraisal was paid. . . . [HAIC] exercised bad faith against . . . Menchaca after the claims process was over. In other words, [HAIC] caused [Menchaca] damages not found under the insurance policy. [HAIC] improperly maintained a lawsuit against [Menchaca] after the claim was paid and ended. As such, any damages arising from such are damages not under the policy.

In response, HAIC moved to strike the amended pleading on the grounds that it (1) was filed more than two years beyond the pleadings amendment deadline set in the docket control order, (2) alleged new, outside-the-policy damages based on

HAIC's alleged post-appraisal bad faith, (3) was on the eve of trial and Menchaca admitted in his request for continuance to having conducted no discovery, and (4) was filed within seven days of the date of trial and without seeking leave of court as required by Texas Rule of Civil Procedure 63.[4]  The trial court granted HAIC's motion to strike Menchaca's amended answer and counterclaims.

Trial began on February 13, 2023, and lasted four days.  The jury returned a verdict for Menchaca.[5]  It found:

- Menchaca did not fail to comply with the policy;

- HAIC failed to comply with the policy with regard to Menchaca's claim;

- The actual cash value of the covered damages to Menchaca's property was $13,145.86;[6]

- HAIC engaged in an unfair or deceptive act or practice;[7]

---

[4]    *See* TEX. R. CIV. P. 63.

[5]    The jury returned a ten-to-two verdict in favor of Menchaca.

[6]    This was the amount of the appraisal award.

[7]    The jury charge instructed:

"Unfair or deceptive act or practice" means any of the following:

- Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue, or

- Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim or part of a claim when the insurer's liability has become reasonably clear, or

9

- HAIC failed to comply with its duty of good faith and fair dealing;

- Menchaca sustained $300,000 in past mental anguish damages based upon HAIC's unfair or deceptive act or practice(s) and its failure to comply with its duty of good faith and fair dealing; and

- the reasonable and necessary fees for Menchaca's attorneys was $250,000.

The trial court rendered final judgment on the jury's verdict on May 31, 2023, ordering that Menchaca recover from HAIC $300,000 in mental anguish damages, $250,000 for his reasonable and necessary attorney's fees, and $93,000 in pre-judgment interest. This appeal followed.

## Discussion

In its first issue, HAIC contends that the trial court erred in rendering judgment in favor of Menchaca because HAIC complied with its obligations under the policy, as a matter of law, when it paid the appraisal award. In its second issue, HAIC argues that the trial court erred in awarding Menchaca $300,000 in mental anguish damages because mental anguish that results from the denial of an insurance claim is not a recoverable "independent injury." Menchaca responds that he suffered

---

- Refusing to pay a claim or part of a claim without conducting a reasonable investigation of the claim.

The same conduct may constitute a breach of the duty of good faith under Question No. 8 and an unfair or deceptive act or practice under this question[.]

an independent injury as a result of HAIC's extreme conduct that occurred outside the adjusting process and was not authorized by the insurance contract. Because HAIC's conduct occurred independent of the policy benefits, he was entitled to recover mental anguish damages based on HAIC's misconduct. Because these issues are intertwined, we address them together.

## A.     Breach of Contract Counterclaim

The record shows that, on June 1, 2021, HAIC's appraiser and the agreed umpire signed an appraisal award setting the amount of loss for Menchaca's claim. It is undisputed that HAIC paid the appraisal award of $7,085.86 to Menchaca on June 4, 2021. This amount represented the actual cash value of $13,145.86 assigned by the appraisers minus the $6,060 deductible under Menchaca's policy.

The Texas Supreme Court's decision in *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127 (Tex. 2019) is instructive. There, Ortiz submitted a claim to State Farm under his homeowner's insurance policy for wind and hail damage to his home. *See id.* at 129. State Farm sent an adjuster to inspect the property, and the adjuster estimated the amount of damages caused by wind or hail to be $723.53, which was under the policy's $1,000 deductible. *Id.* In response to State Farm's request, Ortiz sent State Farm an estimate he received from a public adjuster valuing the loss at $23,525.99. *Id.* State Farm conducted a second inspection with the public adjuster

11

present and revised the damage estimate to $973.94, again concluding the damage amount did not exceed the deductible. *Id.*

Ortiz sued State Farm for breach of contract, violations of the TPPCA, and statutory and common law bad faith insurance practices. *Id.* at 129–30. After filing its answer, State Farm demanded an appraisal pursuant to the parties' insurance policy. *Id.* at 130. State Farm paid the appraisal award, minus the deductible, approximately seven business days after receiving it. *Id.* State Farm then moved for summary judgment, arguing that its payment of the appraisal award "resolve[d] and dispose[d] of all claims in this lawsuit." *Id.* After it initially denied the motion, on reconsideration, the trial court granted it and rendered a final judgment that Ortiz take nothing on his claims against State Farm. *Id.* The court of appeals affirmed, holding that, absent a ground for setting aside an appraisal award, an insurer's timely payment of the award forecloses liability for breach of contract. *Id.*

The Texas Supreme Court agreed. It noted that Ortiz's breach-of-contract claim was premised on the fact that the appraisal award valued the covered loss in an amount greater than State Farm had initially assessed. *See id.* at 132. It concluded that Ortiz's argument—that if an appraisal award is higher than the amount the insurer offered, then the insurer necessarily breached the policy—ignored the language, purpose, and effect of the appraisal provisions. *See id.* The Court held:

> Having invoked the agreed procedure for determining the amount of loss, and having paid that binding amount, State Farm complied with

12

its obligations under the policy. . . . As Ortiz has failed to identify any breach other than the failure to timely pay the amount of the covered loss under the policy, State Farm was entitled to summary judgment on the breach of contract claim.

*Id.* at 133.

Here, Menchaca's breach-of-contract counterclaim alleged, in its entirety, that "[HAIC]'s failure and refusal to pay the adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, constitutes a breach of contract with [Menchaca]." Having invoked the agreed procedure for determining the amount of loss, and having paid that binding amount, HAIC complied with its obligations under the policy. *See id.* HAIC's payment of the appraisal award in the face of Menchaca's allegation of pre-appraisal underpayment forecloses liability on his breach-of-contract counterclaim. *See id.* at 132; *see also Anderson v. Am. Risk Ins. Co.*, No. 01-15-00257-CV, 2016 WL 3438243, at *4–5 (Tex. App.—Houston [1st Dist.] June 21, 2016, no pet.) (mem. op.) (concluding insurer fulfilled its obligations under policy by invoking appraisal process, appraisal award was set, and insurer tendered payment of appraisal award after accounting for deductible, prior payments, and policy limits).

## B. Extra-Contractual Counterclaims

In his live pleading, Menchaca asserted counterclaims for unfair settlement practices in violation of section 541.060 of the Texas Insurance Code and breach of

the duty of good faith and fair dealing. He alleged that HAIC engaged in unfair settlement practices by:

- misrepresenting to Menchaca material facts relating to the coverage at issue;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear;

- failing to promptly provide Menchaca with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Menchaca's claim;

- failing within a reasonable time to affirm or deny coverage of the claim to Defendant or to submit a reservation of rights to Defendant; and

- refusing to pay Menchaca's claim without conducting a reasonable investigation.

*See* Tex. Ins. Code Ann. § 541.060(a)(1), (2)(A), (3), (4), (7). For his unfair settlement practices claim, Menchaca sought "actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees . . . for knowing conduct of the acts complained of, [Menchaca] asks for three times the actual damages."

Menchaca's pleading asserted that HAIC's unfair practices also breached the duty of good faith and fair dealing. For this claim, Menchaca sought "compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such

14

as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress."

## C. "Independent Injury"

Menchaca argues that he was entitled to recover on his extracontractual bad faith claims because he suffered an "independent injury" caused by HAIC's conduct outside the adjusting process and which was not authorized by the contract.

Mental anguish damages are generally not recoverable for the types of conduct prohibited by the Texas Insurance Code—such as failing to timely pay a claim, failing to adequately investigate a claim, or failing to explain the basis for a claim decision—because in those situations, any "mental anguish" would stem or flow from the denial of the claim for benefits. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018). However, the Texas Supreme Court has recognized the possibility that in denying a claim, an insurer may commit some act—an act "so extreme"—that would cause injury independent of the policy claim. *See id.* at 499. If an insurer's statutory violation causes an injury independent of the insured's right to recover policy benefits, the insured may recover damages for that injury even if the policy does not entitle the insured to receive benefits. *See id.* Thus, an insured can recover actual damages caused by the insurer's bad faith conduct if the damages are separate from and differ from benefits under the contract. *See id.* This aspect of the independent injury rule applies only if the damages are truly

15

independent of the insured's right to receive policy benefits. *See id.* at 499–500. The Court has noted that a statutory violation that could cause an independent injury claim would be rare, "and we have yet to encounter one." *Id.* at 500 (quotation omitted).

Menchaca asserts that his mental anguish was not caused by the way in which HAIC adjusted his loss or its failure to pay policy benefits. Rather, his mental anguish damages were caused by HAIC's extreme actions after the adjustment took place, namely, HAIC's filing suit against him and its alleged cancellation of his policy.[8]

Menchaca's original answer and counterclaims—the live pleading at the time of trial—alleged emotional distress as a result of HAIC's purported "failure to adequately and reasonably investigate [Menchaca's] claims." As noted above, mental anguish caused by this type of claims-handling misconduct does not give rise to a recoverable "independent injury" because mental anguish under these circumstances stems or flows from the denial of the claim for benefits. *See Ortiz*, 589 S.W.3d. at 134; *Menchaca*, 545 S.W.3d at 500. Menchaca's assertion in his brief that his mental anguish was caused by HAIC's misconduct after the adjustment took place—when it sued him and allegedly cancelled his policy—is unavailing. Menchaca did not allege these additional bases for his mental anguish claim in his

---

[8] According to HAIC, it did not renew Menchaca's policy; it did not cancel it.

16

live pleading, but rather only in his amended answer and counterclaims which the trial court struck before trial.

We conclude that *Ortiz* forecloses Menchaca's claims for violations of section 541.060 of the Texas Insurance Code and breach of the duty of good faith and fair dealing. As we discussed above, the only actual damages Menchaca sought were lost policy benefits which HAIC paid when it paid the appraisal award. *See Ortiz*, 589 S.W.3d at 129. Further, under *Ortiz*, Menchaca may not recover (1) court costs and reasonable and necessary attorney's fees or (2) an award of up to three times the amount of actual damages if the trier of fact finds appellee acted knowingly. *See* TEX. INS. CODE ANN. § 541.152(a)(1), (b); *Ortiz*, 589 S.W.3d at 135–36 ("By the statute's terms, any award of attorney's fees or treble damages is premised on an award of underlying 'actual damages.' However, the only 'actual damages' Ortiz seeks are the policy benefits wrongfully withheld, and those benefits have already been paid pursuant to the policy."). For the reasons discussed above, we hold that the trial court erred in rendering judgment in favor of Menchaca on his contractual and extracontractual claims and awarding him $300,000 in mental anguish damages.

We sustain HAIC's first and second issues.[9]

---

[9]   In light of our disposition, we do not reach HAIC's additional argument that Menchaca failed to present legally sufficient evidence of mental anguish. *See* TEX. R. APP. P. 47.1.

17

## D. Attorney's Fees

In its third issue, HAIC contends that the trial court erred in awarding Menchaca $250,000 in attorney's fees because his insurance claim has been paid in full and thus he is not entitled to recover any fees under Texas Insurance Code section 542A.007 and *Rodriguez v. Safeco Insurance Co. of Indiana*, 684 SW.3d 789 (Tex. 2024). It further asserts that Menchaca failed to present legally sufficient evidence to support his attorney's fees counterclaim. Menchaca responds that he was awarded attorney's fees as a result of the declaratory judgment claim filed by HAIC against him, and not as a result of any of his counterclaims, and thus the attorney's fees award was permissible under the Texas Uniform Declaratory Judgment Act ("UDJA").[10] He further asserts that he presented sufficient evidence to support the award of attorney's fees.

Chapter 542 of the Texas Insurance Code imposes deadlines for the payment of certain insurance claims. *See* TEX. INS. CODE ANN. § 542.057–.059. Failure to meet these deadlines results in statutory liability for interest and "reasonable and necessary attorney's fees." *Id.* § 542.060.

In 2017, the Texas Legislature added Chapter 542A to the Texas Insurance Code. *See id.* § 542A.001–.007. Chapter 542A governs first-party claims by an

---

[10] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.").

18

insured that arise "from damage to or loss of covered property caused, wholly or partly, by forces of nature, including an earthquake or earth tremor, a wildfire, a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm." *Id.* § 542A.001(2)(C). With an exception not relevant here, Chapter 542A of the Texas Insurance Code applies to "an action on a claim against an insurer or agent, including . . . an action alleging a breach of contract . . . negligence, misrepresentation, fraud, or breach of a common law duty." *Id.* § 542A.002(a)(1), (2). Because Menchaca's counterclaims against HAIC in this case arise from weather-related damage to his house, Chapter 542A applies.

Among its provisions, Chapter 542A limits the recovery of attorney's fees. *See id.* § 542A.007. It provides:

(a) Except as otherwise provided by this section, the amount of attorney's fees that may be awarded to a claimant in an action to which this chapter applies is the lesser of:

(1) the amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action;

(2) the amount of attorney's fees that may be awarded to the claimant under other applicable law; or

(3) the amount calculated by:

(A) dividing the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property by the amount alleged to be owed on the claim

19

for that damage or loss in a notice given under this chapter; and

    (B)  multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action.

*Id*. Subsection (c) of section 542A.007 further provides that "[t]he court may not award attorney's fees to the claimant if the amount calculated under Subsection (a)(3)(A) is less than 0.2." *Id*. § 542A.007(c).

In the Texas Supreme Court's recent decision in *Rodriguez*, the Fifth Circuit certified the following question to the Court: "In an action under Chapter 542A of the Texas Prompt Payment of Claims Act, does an insurer's payment of the full appraisal award plus any possible statutory interest preclude recovery of attorney's fees?" *Rodriguez*, 684 SW.3d at 790. In answering "yes," the Court explained:

> Although the mathematical calculation described by section 542A.007(a)(3) is somewhat detailed, it is not unclear or ambiguous. The allowable amount of attorney's fees is "calculated by . . . [first] dividing the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property" by another amount. TEX. INS. CODE § 542A.007(a)(3)(A). The fraction generated by this initial step (which can be greater or less than 1) is then multiplied "by the total amount of reasonable and necessary attorney's fees supported at trial . . . ." *Id*. § 542A.007(a)(3)(B).

> When the statutorily required calculation is applied to Rodriguez's case, a problem arises at the first step of the formula. Because the insurer has already paid all amounts owed under the insurance policy plus any possible statutory interest, there is not and

20

never will be an "amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy." *See Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 132–33 (Tex. 2019) (holding that an insurer's payment of the appraisal award discharges its obligations under the policy). When there is no "amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy," the numerator of the fraction described by subsection (a)(3)(A) does not exist—which means the fraction's value is zero (or non-existent). Multiplying this zero-value by another number, as required in the calculation's second step, can never yield a non-zero amount of attorney's fees. As a result, in this case and others like it, there will never be a non-zero amount of permissible attorney's fees under the formula described in section 542A.007(a)(3).

. . . .

As in *Ortiz*, in this case there is no further amount that Rodriguez can recover in a "judgment to [Rodriguez] for [his] claim *under the insurance policy.*" TEX. INS. CODE § 542A.007(a)(3)(A) (emphasis added). This is so because *Safeco* has discharged its liability under the policy by paying the appraisal amount plus any possible statutory interest. In other words, Safeco has "complied with its obligations under the policy," *Ortiz*, 589 S.W.3d at 133, so there is no remaining "amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy," TEX. INS. CODE ANN. § 542A.007(a)(3)(A). As a result, no attorney's fees are available under section 542A.007(a)(3)'s formula.

*Id.* at 793–94. The Court concluded that "section 542A.007 of the Insurance Code prohibits an award of attorney's fees when an insurer has fully discharged its obligations under the policy by voluntarily paying the appraised amount, plus any statutory interest, in compliance with the policy's appraisal provisions." *See id.* at 792.

Simiarly, here, HAIC has discharged its liability under the policy by paying the appraisal amount in full, along with statutory interest, and has complied with its obligations under the policy. Under Texas Insurance Code section 542A.007(a)(3)(A) and *Rodriguez*, "there is no remaining amount to be awarded in the judgment to [Menchaca] for [his] claim under the insurance policy." *Id.* at 794. Consequently, Menchaca cannot recover attorney's fees under section 542A.007(a)(3)'s formula.

Menchaca, however, argues that the jury did not award attorney's fees to him as a result of any of his counterclaims but, rather, as a result of the declaratory judgment claim HAIC filed against him. This argument is unavailing. Contrary to Menchaca's assertion, Question 10 in the jury charge was not conditioned on an earlier finding but, instead, asked: "What is a reasonable fee for the necessary services of Defendant Menchaca's attorney *in this case* . . . [f]or the representation in the trial court[?]" (Emphasis added). Similarly, the trial court's judgment states: "Menchaca is entitled to recover . . . $250,000 to compensate Mr. Menchaca for the reasonable and necessary attorney's fees *in this case*." (Emphasis added). We further note that the declaration of one of Menchaca's attorneys in support of his request for attorney's fees that was admitted at trial states: "I am familiar with the time, billing and expenses incurred by the Buzbee Law Firm *in the preparation and handling of trial in the above-referenced matter*. Based upon the hours spent

22

multiplied by the hourly rate of each lawyer involved, Mr. Menchaca has incurred $250,000.00 in attorney fees." (Emphasis added). There is nothing to suggest that the jury awarded attorney's fees as a result of HAIC's declaratory judgment claim and not on his counterclaims.

Because HAIC has paid the full appraisal award and any possible statutory interest, we hold that Menchaca cannot recover attorney's fees and the trial court erred in awarding him such. *See Rodriguez*, 684 SW.3d at 792.

We sustain HAIC's third issue.[11]

## Conclusion

We reverse the trial court's May 31, 2023 final judgment and render judgment that Menchaca take nothing on his counterclaims against HAIC.

Kristin M. Guiney
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

---

[11] Having concluded that Texas Insurance Code section 542A.007 precludes any recovery of attorney's fees, we need not address HAIC's additional argument that Menchaca presented legally insufficient evidence to support his attorney's fees claim. *See* TEX. R. APP. P. 47.1.